Henry Van Acker, Jr., Esq. Town Attorney, Champlain
In a telephone conversation regarding your written request for an opinion, you have indicated that your question is whether a town constable may serve as dog control officer for his town and by contract as dog control officer for two other towns.
Towns have several options for provision of dog control services required by law. They may appoint their own dog control officers (Agriculture and Markets Law, § 114[1]); contract for dog control services with another municipality, incorporated humane society, or incorporated dog protective association (id., § 114[2]); or, with one or more other municipalities, jointly appoint dog control officers having jurisdiction in each of the cooperating municipalities (ibid.).
A dog control officer, a peace officer when acting pursuant to hisspecial duties, or a police officer authorized by a municipality to enforce dog control may serve any process in relation to any proceedings undertaken in accordance with the provisions of the Agriculture and Markets Law dealing with dog control or any local law or ordinance promulgated thereunder (id., § 114[4]). Dog control officers, peace officers when acting pursuant to their special duties, and police officers are authorized to perform other specific functions in relation to dog control (id., §§ 114[5], 118[1] and [2], 121[4], 122[3] and [4], 123[3], 124[2][c]). It is clear that a peace officer acting pursuant to his special duties may enforce dog control under the provisions of the Agriculture and Markets Law.
Section 2.10 of the Criminal Procedure Law provides an exclusive list of those persons having the status and powers of peace officers. Town constables are designated as peace officers (id., § 2.10[1]). A peace officer acts pursuant to his special duties "when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special or local law or charter, rule, regulation, judgment or order" (id., § 2.20). We conclude that if a town constable, under local regulations, has the duty to enforce dog control, he may enforce the provisions of Article 7 of the Agriculture and Markets Law.
We believe that a town constable given the duty of dog control in his town may also provide dog control services to other towns that contract with his town for the services. Municipalities are specifically authorized to contract with another municipality for dog control officer services (Agriculture and Markets Law, § 114[2]). Further, statutory language specifically contemplates this option. "Any dog control officer or peace officer, acting pursuant to his special duties, or police officer in the employ of or under contract to a municipality shall seize" unlicensed and certain unidentified dogs (id., § 118[1]; see § 118[2]).
You have also asked whether there are any training requirements for town constables. Section 2.30 of the Criminal Procedure Law requires that all persons appointed as peace officers after September 1, 1980 receive from their employers the training course certified by the Municipal Police Training Council. The course consists of a standard portion for all peace officers as prescribed by the Municipal Police Training Council and a portion developed by the peace officer's employer that is tailored to the special duties of the particular peace officer. Peace officers who normally work on a part-time basis for less than the full complement of hours that would constitute full-time employment for their position may be given in-service training subject to approval by the Municipal Police Training Council in the Division of Criminal Justice Services (id., § 2.30[4]). If the constable's dog control duties in the several towns will amount to full-time employment, his training would have to be commensurate with that status.
We conclude that a town constable may provide dog control services under Article 7 of the Agriculture and Markets Law for his own town and by municipal contract for other towns. As peace officers, town constables must be trained in accordance with the provisions of section2.30 of the Criminal Procedure Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.